20289

Irene COWARD, Appellant, v. BORDEN FOODS, INC., Respondent.
(229 S. E. (2d) 262)

*Messrs. Jenkinson & Jenkinson,* of Kingstree, *for Appellant,*

*Messrs. Harrell & Brown,* of Kingstree, *for Respondent,*

October 18, 1976.

Lewis, Chief Justice.

Appellant allegedly broke a tooth when she bit a hard object or substance while eating "Cracker Jack" popcorn,

a confection, manufactured and packaged by respondent. She alleged that respondent negligently manufactured and packaged the hard object in the box of popcorn from which she was eating and that the popcorn was manufactured and packaged in violation of the South Carolina Food and Cosmetic Act, Section 32-1526 *et seq.* of the Supplement to the 1962 Code of Laws. This appeal is from an order of the lower court granting respondent's motion for a nonsuit at the close of appellant's case on the ground that there was no proof of actionable negligence, either at common law or under the Food and Cosmetic Act.

Appellant now concedes in this appeal that there was no proof of negligence, other than that based upon the alleged violation of the Food and Cosmetic Act. Of course, proof of the violation of the statute would constitute negligence *per se* and support a recovery if the violation proximately caused or contributed to appellant's injury. *Fowler v. Coastal Coca-Cola Bottling Company, Inc.,* 252 S. C. 579, 167 S. E. (2d) 572.

The testimony viewed in the light most favorable to appellant, as we are required to do, is to the effect that appellant, with her husband and two grandchildren, were returning home from Georgetown where they had purchased a package of "Cracker Jack" popcorn containing six individual boxes held together by tape; and that she, while driving the car was eating popcorn by pouring the contents from a box into her mouth. After taking popcorn into her mouth about the third time, she struck a hard object with her tooth and felt a sharp pain in her head. She immediately removed the popcorn from her mouth to her hand, where she glanced at it and saw nothing unusual so she threw it out of the car window. She ate no more of the popcorn but gave the remainder to the grandchildren who recovered the prize from the package. The prize was a "riddle book" made of paper.

Appellant testified that she realized her tooth had been damaged so she went to a dentist the same day. The dentist

found that the tooth had been cracked in half but thought it could be saved. He made an appointment for her to have the repair work done, but she cancelled the appointment and had the tooth extracted instead.

The dentist was of the opinion that some hard object probably cracked appellant's tooth, but also testified that it was possible to crack a tooth by striking another tooth at the wrong angle, especially when a person is eating while driving, possibly concentrating on the driving more than on eating.

In brief, the testimony presented by appellant was simply that, while driving and eating popcorn, she bit a hard unidentified object or substance, causing pain, and subsequently she found that the tooth was cracked. The dentist could not determine from an examination of the tooth what caused it to crack but, based upon the statements of appellant, he was of the opinion that the break was caused by the tooth striking some hard object. It was inferable that no foreign object could have gotten into the box of popcorn after it was opened by appellant.

The South Carolina Food and Cosmetic Act makes it unlawful to manufacture or sell any food that is adulterated. Code Supplement Section 32-1526.2. The parties agree that the product sold as "Cracker Jack" popcorn is a confection and classified as a food within the meaning of the statute.

The Food and Cosmetic Act provides that if the food is a "confection," it is adulterated if it contains any "nonnutritive object" which renders the product injurious or hazardous to health. Section 32-1526(9)(c). Code Supplement.

There was testimony that "Cracker Jack" popcorn was made of a mixture, including popcorn and peanuts. Popcorn is a variety of corn and the reference here is to the edible kernels after they have been popped. The substance in question was not produced at the trial, nor described except that it was hard. Appellant did not swallow it and, when

she removed the contents, which allegedly contained the questioned substance, from her mouth to her hand she noticed nothing unusual. We agree with the trial judge that there was no testimony to show that appellant's injury was proximately caused by any adulteration of the confection in question, within the meaning of the Food and Cosmetic Act.

Judgment affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.